**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001086
11-OCT-2017
08:01 AM**

NO. CAAP-14-0001086

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


RICHARD A. VILLAVER, Plaintiff-Appellant, v.
DAVID KAWIKA SYLVA; HAWAII MEGA-COR, INC., a Hawaii
domestic for-profit corporation, Defendants-Appellants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE COMPANIES 1-10; DOE NON-PROFIT
ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-2445)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)

This appeal arises from a motor vehicle accident in which Plaintiff-Appellant Richard A. Villaver alleges that he sustained injuries from a collision that occurred in a parking lot on August 20, 2008, when a van owned by Defendant-Appellee Hawaii Mega-Cor, Inc. and driven by Defendant-Appellee David Sylva (collectively "Defendants") backed into the rear of an automobile that Villaver was driving.

Villaver appeals from the Order Granting Defendants David Kawika Sylva and Hawaii Mega-Cor., Inc.'s Motion for Summary Judgment Filed May 1, 2014, filed on June 26, 2014 ("Order Granting Summary Judgment") and the Judgment, filed on July 28, 2014, in the Circuit Court of the First Circuit ("Circuit Court").[1/]  Villaver contends that the Circuit Court erred in granting summary judgment based upon facts deemed admitted under Hawaiʻi Rules of Civil Procedure ("HRCP") Rule

_____

[1/]     The Honorable Jeannette H. Castagnetti presided.

36(a)[2] without allowing the withdrawal of those admissions under HRCP Rule 36(b).[3] Villaver concedes that "[t]his exact point was not raised . . . below," but contends that his failure to respond to discovery requests should be excused because he was proceeding pro se, has a faulty memory, and has difficulty with the English language, all of which was explained by his wife in a letter sent to defense counsel on April 11, 2014,[4] and described again at the hearing on the motion for summary judgment.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Villaver's point of

---

[2] HRCP Rule 36(a) states in pertinent part:

> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties agree to in writing . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Haw. R. Civ. P. 36(a) (2013).

[3] HRCP Rule 36(b) states in pertinent part:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining his or her action or defense on the merits.

Haw. R. Civ. P. 36(b) (2013).

[4] Mrs. Villaver's letter stated that Villaver had received Defendants' discovery requests approximately one month earlier and understood that the deadline for completion was April 18, 2014. Mrs. Villaver explained:

> Unfortunately, my husband is unable to complete the paperwork. When he tries to answer questions, he becomes very stressed and overwhelmed. He also says that he has a difficult time remembering all the specifics of his treatment and the doctors that have treated him. Also, my husband does not understand English well so that has made completing this paperwork even more difficult.
>
> He does not have legal representation at this time, so there is no lawyer to help him. I cannot help him as I too have been very negatively impacted by everything that has happened in our lives since his accident and I too am suffering from depression and anxiety.

error as follows and affirm.

Villaver filed his complaint on November 15, 2010. On February 7, 2012, trial was set for the week of May 13, 2013 and the matter proceeded to arbitration under the Court Annexed Arbitration Program. On August 23, 2012, the arbitrator issued her decision, awarding Villaver $24,245.58 in damages, including medical expenses of $5,942.62. On August 31, 2012, Villaver appealed and requested a trial de novo pursuant to Hawaiʻi Arbitration Rules, Rule 22.

On March 13, 2013, Villaver's attorney filed a motion to continue trial and withdraw as counsel. Counsel's motion noted that Villaver had rejected counsel's recommendations on settlement and accused counsel of being "paid off" by others to not take his side or advocate for him. The motion further stated that Villaver would seek replacement legal counsel and no longer desired counsel's representation. The motion was granted at a hearing on April 3, 2013, and a trial setting status conference was scheduled for May 13, 2013. On May 13, 2013, Villaver appeared pro se and requested additional time to obtain an attorney. The trial setting status conference was continued until June 20, 2013. On June 20, 2013, Villaver again appeared pro se, and trial was set for the week of June 23, 2014. On March 17, 2014, Defendants served discovery, including requests for admission, upon Villaver.

Villaver petitions this court to treat Mrs. Villaver's April 11, 2014 letter to defense counsel and his request for an interpreter at the hearing on the motion for summary judgment, collectively, as a sufficient substitute for a motion to withdraw the admissions under HRCP Rule 36(b). Villaver contends that, since allowing withdrawal would have subserved the presentation of the merits and Defendants are unable to show that withdrawal of the admissions would cause them any prejudice, summary judgment was inappropriate.

Although we adhere to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible, *Marvin v. Pflueger*, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (citing *Morgan v. Planning Dept.*, 104 Hawaiʻi 173,

180-81, 86 P.3d 982, 989-90 (2004)), pro se plaintiffs are not exempt from discovery rules. Mrs. Villaver could not represent Villaver, Villaver did not sign his wife's letter, and the letter is not an objection to the request in accordance with the rules. Similarly, Villaver's in-court request for appointment of an interpreter is not a request to withdraw the admissions.

"The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pacific Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981); *see Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) ("[T]he rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice."). While in most cases the court should first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed, this determination is left to the sound discretion of the trial judge. *Asea*, 669 F.2d at 1247.

Hawaiʻi courts have determined that HRCP Rule 36(b) is identical to the federal rules, and therefore, have been guided by federal case law in the interpretation and application of the rule. *W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co.*, 8 Haw. App. 354, 366, 802 P.2d 1203, 1209 (1990). "Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions." *Conlon*, 474 F.3d at 621. Therefore, "in exercising its discretion the court must apply the test set forth in Rule 36(b): (1) whether 'the presentation of the merits will be subserved' if the withdrawal of the admission is permitted and (2) whether the party who obtained the admission can 'satisfy the court that withdrawal . . . will prejudice him in maintaining his action or defense on the merits.'" *W.H. Shipman*, 8 Haw. App. at 366-67, 802 P.2d at 1209-10.

Here, trial had already been continued once from May 2013 to June 2014. Furthermore, Villaver attended the June 20, 2013 trial setting status conference and was fully aware of the discovery and trial deadlines set there. Defendants gave proper notice that Villaver had thirty days to provide responses under HRCP Rule 36. Villaver ignored these obligations and instead his

4

wife, approaching the thirty day mark, sent a letter to defense counsel stating that Villaver was unable to answer the questions.

At the May 21, 2014 hearing on the Defendants' motion for summary judgment, Villaver did not argue that his admissions should be withdrawn, but instead asked that he be appointed an interpreter. Furthermore, Villaver acknowledged that he did not file any opposition to the motion. As to Villaver's request for an interpreter, the Circuit Court asked Villaver about his background and education, and Villaver stated that he had lived in Hawaii since he was ten years old and had attended public school in Hawaii. The Circuit Court noted, and Villaver acknowledged, that he had been in court previously and had not indicated a need for an interpreter. Moreover, Defendants argued that they would be prejudiced if the case was delayed further, that the discovery cut-off had passed on April 24, 2014, that the deadline for final naming of witnesses had passed, that the deadline to respond to discovery was April 18, 2014, and the deadline for dispositive motions was May 5, 2014. Therefore, the Circuit Court concluded that there was no indication that Villaver needed an interpreter, that the responses would be deemed admitted, and that summary judgment was warranted.

Villaver argues that because this court has interpreted past due answers to requests for admission as a motion to withdraw deemed admissions, his oral explanation at the summary judgment hearing should be treated the same. *See id.* at 366, 802 P.2d at 1209 (holding that while a formal motion was not filed, past due answers to requests for admission should be considered an informal motion for withdrawal). *W.H. Shipman*, however, is distinguishable from the instant case because this court held:

> (1) Hawaiian Holiday produced the documents requested by Shipman; (2) Shipman took the deposition of two officers of Hawaiian Holiday; (3) Hawaiian Holiday, albeit belatedly, answered Shipman's interrogatories; and (4) when Hawaiian Holiday filed its motion to Amend on November 25, 1988, it was two and a half months before the scheduled trial. Based on these facts, Shipman was not prejudiced.

*Id.* at 367, 802 P.2d at 1210; *see In re Trade Wind Tours of Hawaii, Inc.*, 6 Haw. App. 260, 265-66, 718 P.2d 1122, 1127 (1986) (finding taxpayer was not prejudiced because taxpayer took a deposition and presented its case as if the Director had not

admitted the matters in the request for admissions).

Furthermore, the Circuit Court did not abuse its discretion in concluding that the Defendants would have been prejudiced in maintaining their defense if withdrawal was permitted. Villaver never attempted to answer any of the requests for admission, he did not move forward with discovery in any way, and the discovery cut-off, witness naming, and dispositive motions deadlines had passed. Unlike the situation in *W.H. Shipman* where there were two and one-half months until trial, there were only a few weeks until trial in this case. *See Conlon*, 474 F.3d at 619-24 (holding that the "district court did not clearly err in finding that withdrawal of the deemed admissions at such a late stage in the case would prejudice the United States.").

As this case is distinguishable from *W.H. Shipman*, Mrs. Villaver's letter states no objection to the Defendants' requests for admissions, Villaver's request for appointment of an interpreter does not constitute a request for withdrawal of admissions, the Defendants established that withdrawal of Villaver's admissions would have prejudiced them in defending the action on the merits, and we find no other reason to excuse Villaver's failure to meet his discovery obligations, we conclude that the Circuit Court did not err in its Order Granting Summary Judgment based on the facts deemed admitted. Therefore, we affirm the June 26, 2014 Order Granting Summary Judgment and the July 28, 2014 Judgment, filed in the Circuit Court of the First Circuit.

DATED: Honolulu, Hawai'i, October 11, 2017.


On the briefs:

Charles H. Brower
for Plaintiff-Appellant.

J. Patrick Gallagher and
Erin I. Macdonald
(Gallagher Kane Amai, A
Law Corporation)
for Defendants-Appellees

*Craig H. Nakamura*
Chief Judge

*Lawrence M Reifurth*
Associate Judge

*Tiss M Ginza*
Associate Judge